UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CRIMINAL NO. 5:13-52 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| BASSAM M. ALFROUKH, ) | |
| Defendant ) | |

\* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion (DE 702). With his motion, the defendant appears to request that the Court appoint counsel to assist him in challenging his sentence and his conviction and also that the Court conduct a hearing. Alternatively, he appears to request that the Court enter a judgment of acquittal.

The defendant was charged with conspiring to distribute oxycodone (count 2), four counts of distributing oxycodone (counts 13, 14, 15, and 18), one count of distributing hydrocodone (count 19), and with possessing a fire arm in furtherance of drug trafficking crimes (count 20). (DE 304, Superseding Indictment.) He ultimately pleaded guilty to the conspiracy charge, one count of distributing oxycodone, and possessing the firearm in furtherance of those crimes.

The Court sentenced the defendant to time served on the conspiracy and distribution counts and to 60 months on the firearms charge. (DE 660, Judgment.) The Court also ordered forfeited certain real property and a car owned by the defendant and approximately $30,000 in cash that was seized from him. The

defendant did not appeal his sentence or conviction to the Sixth Circuit Court of Appeals.

With this motion, the defendant asserts that his plea was the product of "deception." He concedes he possessed the firearm but argues that he did not possess it to further any drug crimes. He also asserts that his various retained counsel "robbed" him and were ineffective. He requests that the Court appoint counsel (DE 702, motion at 1) and conduct a hearing or enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. (DE 702, motion at 2.).

To the extent that the defendant asserts a motion for judgment of acquittal under Rule 29, that portion of his motion must be denied. Rule 29 applies only when a defendant is tried before a jury. The defendant pleaded guilty and, thus, his case was not decided by a jury.

To the extent that the defendant requests that counsel be appointed to assist him in raising claims of ineffective assistance of counsel, that portion of his motion will also be denied. A defendant's right to counsel extends only to the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The defendant did not appeal his conviction or sentence. Thus, the defendant can only attack his conviction and sentence through a motion for writ of habeas corpus under 28 U.S.C. § 2255 (See AO FORM 243). A defendant has no right to counsel when mounting collateral attacks upon their convictions under § 2255. *Id*.

A federal statute does grant this Court the power to appoint counsel in such cases when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). While the defendant argues that his counsel "robbed" him and failed to file certain motions, he does not make any specific allegations or explain how his counsels' actions caused

him to involuntarily or unknowingly plead guilty. Accordingly, the Court does not find that the interests of justice require the appointment of counsel in this case. Nor does the Court find any reason to conduct a hearing.

For all these reasons, the Court hereby ORDERS that the defendant's motion (DE 702) is DENIED.

Dated June 11, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY